**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN A. WALLINGFORD,

       **Petitioner,**

   **v.**           **CASE NO. 21-3112-SAC**

ANDY DEKEDE, et al.,

       **Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed by a pretrial detainee. Petitioner proceeds pro se, and his fee status is pending. The court liberally construes this matter as a petition filed under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention.").

### Background

Petitioner is in pretrial custody at the Leavenworth County Jail. He complains that he is unlawfully detained and that the pending charges against him are fabricated and the product of malicious prosecution. He also complains that the district court appointed standby counsel. As relief, he asks this court to appoint defense counsel, to order the district court to turn over exculpatory evidence to him, and to order a response to the petition. In the alternative, he asks the court to find malicious prosecution and order his release.

### Screening

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Under Rule 4, the court is required to undertake a

preliminary review of the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4.

A court may grant relief under § 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## Discussion

Because petitioner seeks relief from a pending state prosecution, the court must consider whether he has shown any exceptional circumstances that warrant the extraordinary intervention he seeks. *See Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Likewise, the Supreme Court has held that a federal court should not intervene in pending state criminal prosecutions absent "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal quotation marks omitted). Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when the following three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters

which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert denied*, 523 U.S. 1005 (1998)). If these conditions are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citing *Seneca-Cayuga Tribe v. Okla.*, 874 F.2d 709, 711 (10th Cir. 1989)).

In this case, the first condition is met because petitioner is the subject of ongoing state criminal proceedings. The second condition also is met is met because the Kansas courts provide plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). The third condition is met because Kansas has an important interest in enforcing its criminal laws through criminal proceedings in the state courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in a unique balance of interests"

described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44).
Plaintiff's bare assertion that the criminal charges against him
are fabricated should be resolved in the state courts and is
insufficient to trigger any of the *Younger* exceptions.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is
dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 28th day of April, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge